UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CALUMET GP, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:26-cv-01311-JRO-MKK |
| JOHN R. INGLE, JR., | ) | |
| Defendant. | ) | |
| JOHN R. INGLE, JR., | ) | |
| Counter Claimants, | ) | |
| v. | ) | |
| CALUMET GP, LLC, | ) | |
| Counter Defendants. | ) | |

**ORDER DENYING MOTION TO DISMISS**

Before the Court is Plaintiff and Counter-Defendant Calumet GP, LLC's ("Calumet") motion to dismiss Defendant and Counterclaimant John R. Ingle, Jr.'s counterclaim for abuse of process. Because Ingle has plausibly pled a claim for abuse of process, Calumet's motion is **DENIED**. Dkt. [24].

**I. FACTS & BACKGROUND**

At the motion to dismiss stage, the Court "accept[s] the well-pleaded facts in the complaint as true," but does not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Beginning in 2010, Calumet employed Ingle, a South Carolina resident. Dkt. 6 ¶¶ 2, 3. Calumet is a Delaware limited liability company with its principal place of business in Indianapolis, Indiana. *Id.* ¶ 1.

**A. Ingle's Termination & South Carolina Litigation**

As part of Ingle's onboarding process with Calumet, he signed an at-will employment agreement. Dkt. 6 ¶ 3, Dkt. 1-2 ¶¶ 10–12. In September 2023, Calumet wrongfully terminated Ingle's employment. Dkt. 23 ¶ 3. When Ingle's employment ended, he returned to Calumet all property in his possession that they requested. *Id.* ¶ 4. Ingle no longer accessed Calumet's computer network or system. *Id.* ¶ 5.

In January and March 2024, Ingle filed claims with the relevant state and federal employment commissions, alleging that his termination was unlawful. *Id.* ¶¶ 8–9. Then, in June 2025, Ingle filed a lawsuit against Calumet in South Carolina state court related to his termination. *Id.* ¶ 10. The following month, the case (the "South Carolina I" case) was removed to federal court. *Id.* ¶ 11.

During the South Carolina I case and in response to Calumet's discovery requests, Ingle produced various documents. *Id.* ¶ 13. None of these documents were Calumet company property or confidential under Ingle's prior at-will employment agreement. *Id.* ¶¶ 14, 28. Instead, the

> documents included information regarding Ingle's employment compensation and benefits, documents concerning his employment performance and discipline, documents concerning his tax history, documents regarding his [Equal Employment Opportunity Commission] Charge, screenshots of the computer Ingle returned to Calumet, pictures related to the basis of

> [the] South Carolina [I] Litigation, and various communications related to the above categories.

*Id.* ¶ 14. After receiving this production, Calumet deposed Ingle in February 2026. *Id.* ¶ 15.

**B. Calumet's Claims in the Southern District of Indiana**

In June 2026, Calumet sued Ingle in Marion County, Indiana, alleging three counts: civil conversion, computer trespass, and breach of contract. Dkt. 1-3. Calumet alleges that Ingle's document production in the South Carolina I case revealed hundreds of "purloined . . . confidential emails and other work product from Calumet's system." Dkt. 23 ¶ 20. Ingle timely removed Calumet's case to this Court under 28 U.S.C. § 1332. Dkt. 1.

**C. Ingle's Abuse of Process Counterclaim & Related Proceedings**

In response to Calumet's Indiana lawsuit, Ingle asserts an abuse of process counterclaim under Indiana law (together with Calumet's claims, the "Indiana" case), alleging that Calumet filed its case "solely in an effort to retaliate against Ingle for pursuing his claims in the South Carolina [I] Litigation." Dkt. 23 ¶ 22. Ingle denies any wrongdoing, states Calumet's claims are clearly frivolous, and alleges Calumet's Indiana case is brought to "impoverish Ingle, destroy his business reputation, and/or distract him from" the South Carolina I case. *Id.* ¶¶ 31, 25–28.

Calumet now moves to dismiss Ingle's amended counterclaim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 24. On October 27, 2026, the Court

heard oral argument on Calumet's motion,[1] and it is now ripe for this Court's consideration.

## II. LEGAL STANDARD

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff may defeat a motion to dismiss filed pursuant to Rule 12(b)(6) if the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a plausible claim "must allege 'enough details about the subject-matter of the case to present a story that holds together,'" *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary-judgment stage," *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

---

[1] Counsel for both Parties at oral argument informed the Court of a newly-filed third case brought by Ingle against Calumet in South Carolina, asserting an abuse of process claim under South Carolina law (the "South Carolina II" case). That matter is not relevant to the motion now before the Court.

## III. DISCUSSION

An abuse of process claim has two elements under Indiana law: that the defendant (1) acted with an ulterior purpose, and (2) engaged in a willful act in the use of the process not proper in the regular conduct of the proceeding. *Groen v. Elkins*, 551 N.E.2d 876, 878 (Ind. Ct. App. 1990). Proof of both elements is required. *Reichhart v. City of New Haven*, 674 N.E.2d 27, 31 (Ind. Ct. App. 1996), *trans. denied*.

Calumet argues "a party must first establish that the defendant employed improper 'process'" before moving to motive. Dkt. 36 at 2–3 (quoting *Reichhart*, 674 N.E.2d at 31). However, Indiana caselaw classically presents the elements as (1) ulterior purpose, and then (2) improper process. Regardless, Ingle must plausibly plead enough to infer liability on both elements to proceed. Therefore, the Court addresses the elements in the order in which they are typical addressed in Indiana caselaw.

### A. Ulterior Purpose

Ingle has plausibly alleged that Calumet brought its suit for an ulterior purpose. Specifically, *inter alia*, seeking leverage over Ingle and to drain his resources so he will abandon or settle the South Carolina I case. Dkt. 33 at 7–8; Dkt. 23 ¶¶ 31–32. Thus, Ingle has alleged that Calumet filed this case to accomplish an end "other than that which [the legal process] was designed to accomplish" rather than to obtain lawful judgment. *I.A.E., Inc. v. Hall*, 49 N.E.3d 138, 157 (Ind. Ct. App. 2015). This is enough to satisfy the ulterior motive element at this stage in the litigation.

**B. Improper Process**

The parties' briefing and oral arguments focused on whether Ingle has plausibly alleged that Calumet, by filing the Indiana case, willfully acted with an improper use of process. Ingle has sufficiently pled this element because he alleges that Calumet's Indiana case—while suggesting liability within the four corners of the complaint—is so contradicted by the alleged facts known to both Parties prior to filing, thereby making it frivolous.

The proper inquiry for this element is "whether the complained-of acts were 'procedurally and *substantively* proper under the circumstances[,]'" *Reichhart*, 674 N.E.2d at 32 (emphasis added) (quoting *Groen*, 551 N.E.2d at 879), or, alternatively, "whether the use of process 'was a legitimate use of the judicial system.'" *Id.* (quoting *Broadhurst v. Moenning*, 633 N.E.2d 326, 333 (Ind Ct. App. 1994)). Maintaining a claim that a party knows cannot succeed is an improper use of the machinery of the judiciary. *See I.A.E., Inc.*, 49 N.E.3d at 157 ("[A]n action's lack of validity can be highly relevant in examining an abuse of process claim."); *see also Reichhart*, 674 N.E.2d at 33 (considering whether a party abused process when they made assertions in a verified complaint that they did not know to be true).

Here, taking all facts in Ingle's amended counterclaim as true:

> (1) Ingle did not access Calumet's computer network after his termination, dkt. 23 ¶ 5;
>
> (2) Ingle returned everything in his possession that Calumet requested at the time of his termination, *id.* ¶ 4, and none of the documents he produced in the South Carolina I case included Calumet property or confidential information, *id.* ¶ 14; and

> (3) because none of the documents Ingle produced in the South Carolina I case were confidential under the employment agreement, there is no basis to Calumet's breach of contract claim, *id.* ¶ 28.

The Court understands Ingle to imply that when it filed the Indiana case, Calumet knew of the weakness of its claims because it had the opportunity to review Ingle's document production and had already deposed him under oath. *Id.* ¶¶ 13–15.

Taking all this as true, the Court can infer that Calumet misused the legal process by pursuing claims it knows to be meritless. Pressing meritless claims would be an illegitimate use of the judicial system. If Ingle did not commit any wrongdoing, as he alleges, and Calumet knows this, then Ingle has plausibly stated improper use of the legal process. *Nat'l City Bank, Indiana v. Shortridge*, 689 N.E.2d 1248, 1253 (Ind. 1997).[2]

At oral argument, Calumet's counsel stressed that frivolousness is neither necessary nor sufficient for an abuse of process claim. It is true that frivolousness is not an element of the claim. However, willfully prosecuting a frivolous or groundless claim is substantively improper. *See* Fed. R. Civ. P. 11(b)(3). And when a party maintains such a claim with an ulterior purpose, they are liable for abuse of process. *See Groen*, 551 N.E.2d at 878.

---

[2] Ingle also argues in his response that his counterclaim is proper because Calumet's claims are legally invalid, and thus a further abuse of process. Dkt. 33 at 8–11. The legal validity of Calumet's claims is not a question properly before the Court at this time, and Ingle's arguments rest on predicate facts the parties adamantly dispute. Accordingly, nothing in the Court's ruling should be taken to indicate the legal validity or ultimate viability of Calumet's claims. The only question presently before the Court is whether Ingle has stated a claim upon which relief can be granted.

The parties' papers contain ample disputes on key facts, such as whether Ingle took any Calumet property, whether Ingle accessed Calumet's network system without consent, and whether any document Ingle possessed is confidential under the employment agreement. And standing behind that is Ingle's allegation that Calumet has no good-faith basis for its position on those facts. At this early stage, the Court must take Ingle's factual recitations as true, which requires denial of Calumet's motion.[3]

## IV. CONCLUSION

Taking Ingle's facts as true, this Court cannot agree with Calumet that Ingle has failed to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570. For the above reasons, Calumet's motion to dismiss the amended counterclaim, dkt. [24], is **DENIED**.

**SO ORDERED.**

Date: 11/18/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record

[3] Both Parties cite *Sanders v. Seger*, 281 N.E.3d 920 (Ind. Ct. App. 2026). The Indiana Supreme Court has since granted transfer in that case, *Sanders v. Seger*, cause no. 25A-PL-1345, 2026 WL 3410256 (Ind. Nov. 4, 2026), so the Court did not rely on the Court of Appeals decision, Ind. R. App. P. 58(A).